UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Mosby, | No. 12-cv-320 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Lori Swanson, et al., | |
| Defendants. | |

On January 24, 2023, United States Magistrate Judge David T. Schultz granted the application filed by the Plaintiff, William Mosby, to proceed *in forma pauperis* ("IFP") and recommended that all but a few of the twenty-two causes of action asserted in Mr. Mosby's Complaint be dismissed. [Order and Report and Recommendation ("R&R"), Doc. 20]. By Local Rule, any objections to those recommendations are due within fourteen days after being served with a copy of the R&R. D. Minn. LR 72.2(b)(1). In a letter dated January 28, 2023, Mr. Mosby advises that he did not receive a copy of the R&R until January 27, 2023, three days after it was electronically filed. [Pl's Letter, Doc. 26]. Further, Mr. Mosby asserts that he lacks legal training and request that an attorney be appointed by the court to help him challenge the recommendations for dismissal of certain claims in the R&R. [*Id.*].

Based on the undersigned's review of the file and its familiarity with the consolidated litigation that preceded the lifting of the stay in this matter, the Court enters the following **ORDER**:

1

1. Given the delay in Plaintiff's receipt of a copy of the R&R and the scope of the matters addressed in that decision, the Court finds that Mr. Mosby is entitled to additional time in which to assert any Objections to the R&R. Accordingly, the deadline for Plaintiff to file such Objections to the R&R [Doc. 20], is **HEREBY EXTENDED**. Plaintiff shall file his Objections **on or before February 28, 2023**.

2. Plaintiff's request for appointment of counsel is **DENIED** at this time. Pro se litigants in civil cases, like Mr. Mosby, have no statutory or constitutional right to have counsel appointed. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). When a litigant is unable to afford counsel, the IFP statute permits the court to "request an attorney" to represent that person. 28 U.S.C. § 1915(e)(1). In deciding whether to request an attorney under this provision, courts consider the following factors: (1) the factual complexity of the case; (2) the ability of the litigant to investigate the facts; (3) whether there is conflicting testimony; (4) the ability of the litigant to present their claims; and (5) the complexity of the legal issues. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). Courts will also look to whether the "plaintiff has stated a non-frivolous claim," and may appoint counsel when "'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986).

   As an initial matter, Mr. Mosby's lack of legal training alone is not enough to establish that counsel should be appointed for him. Because most civilly committed litigants face the same obstacle, simply appointing counsel on that basis "would be tantamount to recognizing the right to appointed counsel for indigent [civil detainees] in such cases." *Patterson*, 902 F.3d at 850. As to the relevant factors, especially at this stage of the litigation, the factual complexity prong weighs against appointment of counsel. Many of the recommended dispositions of Mr. Mosby's causes of action in the R&R are based on straightforward applications of immunity doctrines, pleading requirements, the absence of private rights of action, and the effect of the final judgment entered in the *Karsjens* litigation. Assessing these issues is not so complex that appointment of counsel is necessary at this time. Furthermore, investigation of facts and conflicting testimony are not at issue right now. And Mr. Mosby has demonstrated an ability to effectively communicate with the Court in a way that indicates he is quite capable of presenting his claims without appointment of counsel. Finally, the Court will not pretend that the legal issues in this matter lack any complexity, nor that such complexity will not present challenges for an unrepresented non-lawyer like Mr. Mosby. But Mr. Mosby has access to a law library and has, in this Order, been given a significant extension in which to address those

issues. On balance, given the stage of this proceeding and all the other circumstances that have led the litigation to this point, the Court concludes that what legal complexity there is does not currently warrant appointment of counsel.

Date: February 6, 2023

                                           *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Judge