**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Merel Evans Bishop, | Case No. 12-cv-135 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| Joseph Goodwin, | Case No. 12-cv-180 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| William McRae, | Case No. 12-cv-221 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| William Mosby, | Case No. 12-cv-320 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

These matters are before the Court on the Order and Report and Recommendation ("R&R") issued by United States Magistrate Judge David T. Schultz on January 24, 2023. [*Bishop v. Swanson*, No. 12-cv-135, Dkt. 20; *Goodwin v. Swanson*, No. 12-cv-180, Dkt. 18; *McRae v. Swanson*, No. 12-cv-221, Dkt. 20; *Mosby v. Swanson*, No. 12-cv-320, Dkt. 20.] Judge Schultz exhaustively reviewed the lengthy, and substantially similar, complaints in these cases and recommends that many of the claims and certain defendants be dismissed for a variety of reasons. Judge Schultz also recommends that certain portions of the Plaintiffs' claims survive. The Plaintiffs in Case Nos. 12-cv-135, 12-cv-180, and 12-cv-221—Merel Evans Bishop, Joseph Goodwin, and William McRae, respectively—have not objected to the R&Rs entered in their individual cases. William Mosby, the Plaintiff in Case No. 12-cv-320, filed Objections to the R&R entered in his case on February 23, 2023. [No. 12-cv-320, Dkt. 28.]

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the R&R and the record in this case, the Magistrate Judge committed no error.

*Mosby's Objections*

In his Objections, Mr. Mosby addresses two of the causes of action that Judge Schultz considered in the R&R: (1) COA 7—"Cruel and Unusual Punishment"; and (2) COA 9—"Denial of Due Process in Violation of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983." [No. 12-cv-320, Dkt. 28 at 1–3.]

**COA 7**

With respect to COA 7, Judge Schultz observed that the Plaintiffs in these cases have alleged that the Defendants' actions have subjected them to cruel and unusual punishment; as civilly committed persons, their claims are governed by the standards of the Fourteenth Amendment, and not the Eighth Amendment; that the ruling in the *Karsjens* litigation precludes re-litigation of a wide range of claims that MSOP policies and conditions constitute unconstitutional punishment under the applicable standard; and that it should be left for another day to resolve whether anything remains of this claim that is not foreclosed by *Karsjens* on claim preclusion grounds. [R&R at 21–25]. Accordingly, the R&R recommends dismissal with prejudice of COA 7 to the extent that it raises policies and conditions already addressed in the *Karsjens* litigation. [*Id.* at 46].

Mr. Mosby states that he "agrees with the Magistrate [Judge] to the extent that he recommends denial of the policies that have been previously addressed in the *Karsjens* litigation, but would ask this Court to allow the policies that have not been addressed via *Karsjens* to move forward." [No. 12-cv-320, Dkt. 28 at 1–2.] That is precisely what Judge Schultz has recommended that the Court do. The Court will therefore accept the recommendation that the portions of COA 7, if any, that were not resolved by the *Karsjens* litigation be allowed to survive the screening of these Complaints so that they may be addressed through further litigation, including, if necessary, any motions to dismiss.

**COA 9**

Turning to COA 9, Judge Schultz found that the Plaintiffs in these cases alleged that Defendants violated their due process rights through the conduct described throughout their lengthy complaints. Judge Schultz next examined the Plaintiffs' procedural-due-process claims,

3

explaining that they are "rise or fall doctrinally alongside the punishment claims in COA 7." [R&R at 26–27.] Because of this overlap, Judge Schultz concluded that the *Karsjens* decision finding that various policies and practices at MSOP do not constitute unconstitutional punishment has a preclusive effect on the procedural-due-process claims in COA 9 to the same extent that finding precludes the punishment claims in COA 7. [*Id.* at 27–28.] Judge Schultz recommended then that COA 9 be dismissed, but that the parties be required to determined as these cases proceed which policy-based claims are precluded as a result of *Karsjens*, and which remain for purposes of COAs 7 and 9. [*Id.* at 28] Finally, Judge Schultz concluded that the Complaints in these matters do not state a claim of a substantive-due-process violation and that COA 9 be dismissed to the extent that it alleges the same. [*Id.*; *see also id.* at 47.]

Here too, Mr. Mosby states that he agrees with Judge Schultz "as to dismissal of all claims that parallel with the *Karsjens* litigation, but asks this Court to allow the procedural due process claims that do exist to stand as there are several this Plaintiff believes do not fall under the preclusion clause of either *Res Judicata* or *Collateral Estoppel*." [No. 12-cv-320, Dkt. 28 at 2.] Because Mr. Mosby has not disagreed with any aspect of the R&R, the Court construes this as his agreement with Judge Schutlz's recommendation as to COA 9

Finally, Mr. Mosby asks the Court to make a referral of his case to the Federal Bar Association's Pro Se Project and to allow the Plaintiffs who are located in different facilities to communicate with one another via videoconferencing platforms or similar means. [No. 12-cv-320, Dkt. 28 at 2.] The Court declines to make such a referral or order any such relief at this time.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The R&Rs in these cases [*Bishop v. Swanson*, No. 12-cv-135, Dkt. 20; *Goodwin v. Swanson*, No. 12-cv-180, Dkt. 18; *McRae v. Swanson*, No. 12-cv-221, Dkt. 20; *Mosby v. Swanson*, No. 12-cv-320, Dkt. 20] are **ACCEPTED**;

2. The Complaints are **DISMISSED** (for lack of jurisdiction) to the extent that they assert official-capacity § 1983 claims seeking damages against employees of the State of Minnesota.

3. The Complaints are **DISMISSED** (for failure to state a claim) to the extent that they assert individual-capacity § 1983 claims seeking damages against employees of the State of Minnesota.

4. The Complaints are **DISMISSED** to the extent that they purport to bring claims under the Minnesota Constitution.

5. The remainder of the following causes of action are **DISMISSED**:

    a. COA 1 (failure to provide treatment).

    b. COA 2 (unreasonable searches and seizures), *except for* Plaintiffs' claims that MSOP policies are causing (1) impermissible monitoring of Plaintiffs' calls with their attorneys, and (2) actual property losses.

    c. COA 3 (invasion of privacy), *except for* Plaintiffs' claims that MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys.

    d. COA 4 (denial of access to legal materials and counsel).

    e. COA 5 (denial of liberty).

    f. COA 6 (denial of less restrictive alternative).

    g. COA 7 (cruel and unusual punishment), to the extent that it raises policies and conditions already addressed in the *Karsjens* litigation.

    h. COA 8 (double jeopardy).

    i.       COA 9 (due process), to the extent that it raises (i) procedural-due-process claims concerning policies and conditions already addressed in the *Karsjens* litigation, or (ii) substantive-due-process claims.

    j.       COA 10 (conspiracy to deny due process).

    k.      COA 11 (intentional infliction of emotional distress).

    l.       COA 12 (negligent infliction of emotional distress).

    m.     COA 13 (violation of the U.S. Constitution's Contracts Clause).

    n.      COA 14 (negligent hiring and credentialing).

    o.      COA 16 (supervisor liability).

    p.      COA 17 (violation of police powers).

    q.      COA 18 (violation of oath of office)

    r.       COA 19 (support for preventative detention).

    s.      COA 20 (violations of rights to health care and affordable housing).

    t.       COA 21 (conspiracy to place Plaintiffs "outside of the law").

    u.      COA 22 (outrageous government conduct).

6. The following Defendants are **DISMISSED** from these actions:

    a.      In *Bishop v. Swanson*, No. 12-CV-135 (D. Minn.), "Olmsted County Social Services John Doe."

    b.      In *Goodwin v. Swanson*, No. 12-CV-180 (D. Minn.), "Clearwater County Social Services Sandy Nelson."

    c.      In *McRae v. Swanson*, No. 12-CV-221 (D. Minn.), and *Mosby v. Swanson*, No. 12-CV-320 (D. Minn.), "Hennepin County Social Services James O'Keefe."

Date: March 15, 2023                                     *s/ Katherine M. Menendez*
                                                              Katherine M. Menendez
                                                              United States District Judge