**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Merel Evans Bishop, | Case No. 12-cv-135 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| Joseph Goodwin, | Case No. 12-cv-180 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| William McRae, | Case No. 12-cv-221 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

| | |
|---|---|
| William Mosby, | Case No. 12-cv-320 (KMM/DTS) |
| Plaintiff, | |
| v. | |
| Lori Swanson et al., | |
| Defendants. | |

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiffs Merel Evans Bishop, Joseph Goodwin, William McRae, and William Mosby are detained under orders of civil commitment at the Minnesota Sex Offender Program ("MSOP") facility in Moose Lake, Minnesota. Early in 2012, each of them filed substantially similar, lengthy complaints challenging the conditions of their confinement and various MSOP practices. All four cases were stayed while a related class action brought on behalf of all MSOP detainees—*Karsjens v. Piper*, No. 11-cv-3659—was pending. In February 2022, a final judgment was entered in *Karsjens*, and on October 3, 2022, the stay in each of these cases was lifted.

On January 24, 2023, after screening the complaints pursuant to 28 U.S.C. § 1915, United States Magistrate David T. Schultz issued a Report and Recommendation concluding that the vast majority of the Plaintiffs' claims should be dismissed, and this Court accepted Judge Schultz's recommendation in an Order dated March 15, 2023. *Bishop v. Swanson*, No. 12-cv-135 (KMM/DTS), 2023 WL 1786468 (D. Minn. Jan. 24, 2023), *R&R adopted by,* No. 12-cv-135 (KMM/DTS), 2023 WL 2523902 (D. Minn. Mar. 15, 2023). However, some of the Plaintiffs' claims survived the § 1915 screening. Specifically, the Court found that:

1. Plaintiffs' Cause of Action 2 ("COA") (unreasonable searches and seizures) could proceed with respect to Plaintiffs' claims that MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys and actual property losses;

2. Plaintiffs' COA 3 (invasion of privacy) could proceed with respect to Plaintiffs' claims that MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys;

3. Plaintiffs' COA 7 (cruel and unusual punishment) could proceed with respect to Plaintiffs' claims that do not concern policies and conditions already addressed in the *Karsjens* litigation;

4. Plaintiffs' COA 9 (due process) could proceed with respect to Plaintiffs' claims that do not raise procedural-due-process concerns regarding policies and conditions already addressed in the *Karsjens* litigation; and

5. Plaintiffs' COA 15 could proceed, which asserts that the totality of the conditions of confinement violate Plaintiffs' Fourteenth Amendment rights.

Following that decision, Defendants filed motions to dismiss in each of these cases, arguing that Plaintiffs' claims are barred by claim preclusion, issue preclusion, or that the complaints fail to state a claim.[1]

These matters are now before the Court on the Order and Report and Recommendation issued by United States Magistrate Judge David T. Schultz on November 9, 2023 ("November 9th R&R"). [*Bishop v. Swanson*, No. 12-cv-135 (Dkt. 36); *Goodwin v. Swanson*, No. 12-cv-180 (Dkt. 45); *McRae v. Swanson*, No. 12-cv-221 (Dkt. 45); *Mosby v. Swanson*, No. 12-cv-320 (Dkt. 39).] In the November 9th R&R, Judge Schultz recommends that those motions to dismiss be granted and these four cases be dismissed. Judge Schultz found that the Plaintiffs' remaining causes of action are all barred by claim preclusion, so he declined to reach the parties' remaining arguments concerning issue

---

[1] The motions in each case are identical. *Bishop*, 12-cv-135 (Dkt. 29 (Mot.), Dkt. 31 (Mem.)); *Goodwin*, 12-cv-180 (Dkt. 34 (Mot.), Dkt. 36 (Mem.)); *McRae*, 12-cv-221 (Dkt. 29 (Mot.), Dkt. 31(Mem.)); *Mosby*, 12-cv-320 (Dkt. 32 (Mot.), Dkt. 34 (Mem)).

3

preclusion. On December 7, 2023, Mr. Goodwin and Mr. McRae filed objections to the R&R.[2] *Goodwin* (Dkt. 46).

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). In the absence of specific objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Having carefully reviewed the record in each of these cases, the Court overrules the objections, accepts the R&R, and grants the Defendants' motions to dismiss.

I. **Causes of Action 2 and 3 – Attorney Call Monitoring and Property Loss**

Plaintiffs Goodwin and McRae object to Judge Schultz's recommendation that their unreasonable search and seizure and invasion of privacy claims in COA 2 and 3 be dismissed. Judge Schultz found that these claims are barred by the doctrine of claim preclusion because they already were or could have been litigated in *Karsjens*.

Claim preclusion prevents litigation of a claim in a subsequent suit when there has been a final judgment in the first, "whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New*

---

[2] The *Goodwin* Objections bear only the case number for Mr. Goodwin's case (12-cv-180), were only filed in that docket, and are signed by Mr. Goodwin. *Goodwin* (Dkt. 46 at 1, 12). The Objections also contain an "/s/" signature for William McRae and state that his electronic signature is provided in place of an actual signature due to a modified lockdown at the MSOP facility. Defendants correctly assert that neither Plaintiff Merel Bishop nor Plaintiff William Mosby responded to the Defendants' motions to dismiss or submitted objections to the November 9th R&R. *Goodwin* (Dkt. 47 at 2 n.1).

4

*Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Claim preclusion bars relitigation of a claim when: (1) a first suit concluded with a final judgment on the merits; (2) the court in the first suit had jurisdiction; (3) the first and second suits involve the same parties (or their privies); (4) both suits involve the same claims or causes of action; (5) the party asserting the potentially barred claim had a full and fair chance to litigate the issue in the first proceeding. *United States v. Bala*, 948 F.3d 948, 950 (8th Cir. 2020).

Initially, Plaintiffs argue that it is procedurally improper to dismiss the remaining claims in COA 2 and 3 (and perhaps any of their remaining claims) pursuant to Rule 12(b)(6). This argument is mistaken. Although claim preclusion is an affirmative defense, a district court may properly dismiss a complaint under Rule 12(b)(6) when the applicability of the defense is apparent on the face of the complaint, public records, and materials embraced by the pleadings. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). Here, Judge Schultz evaluated the applicability of the claim preclusion doctrine based on the allegations in the complaints in each of these cases, the allegations in the operative pleading in *Karsjens*, and the final judgment in the *Karsjens* case. Such an application of claim preclusion rules on a motion to dismiss is legally permissible.

Plaintiffs argue that the Court should reject the R&R and deny the motions to dismiss because their surviving claims in COA 2 and COA 3 concerning monitoring of

legal calls and actual property losses were "never adjudicated in *Karsjens*." *Goodwin* (Dkt. 46 at 3, 5).[3] This objection is overruled for the reasons explained below.

As Judge Schultz explained, the Plaintiffs' complaints in these cases challenged MSOP's alleged policies and practices of monitoring their telephone calls, including calls with their attorneys. The complaints' allegations posited that the calls with counsel were monitored by Defendants via an overhead speaker, by virtue of the phone's location in a central corridor where MSOP staff and other residents can overhear conversations, and because Plaintiffs can overhear staff talking in adjacent offices while on calls with their attorneys. [November 9th R&R at 6; *Bishop* (Dkt. 1 (Compl. ¶¶ 141, 153–59)).] The Third Amended Complaint in the *Karsjens* class action also included allegations that their phone calls were monitored, though it did not specify that the monitoring specifically involved calls with counsel.[4] *Karsjens*, No. 11-cv-3659, Doc. No. 635 ¶ 161. In addition, Plaintiffs in these cases alleged that they suffered personal property loss, including that the Defendants' policies led to the confiscation and destruction of "sheets, towels, and blankets . . . personal hot pots, razors, computers, DVD players, TV's and video games with a USB port[]." *Bishop* (Dkt. 1 (Compl. ¶ 149)). The Third Amended Complaint in *Karsjens* contained similar allegations concerning restrictions on the class members' access to

---

[3] Plaintiffs do not disagree with Judge Schultz's conclusion that the first three elements of claim preclusion are satisfied, and the Court finds that conclusion supported by the record. [November 9th R&R at 5–6.]

[4] The Third Amended Complaint in *Karsjens* was the operative pleading. *Benson v. Harpstead*, No. 22-cv-1601 (ECT/TNL), 2023 WL 4936733, at *8 (D. Minn. June 29, 2023), *R&R adopted by,* No. 22-cv-1601 (ECT/TNL), 2023 WL 4936094 (D. Minn. Aug. 2, 2023).

personal property and confiscation of the same, including computers, books, movies, and portable media. *Karsjens*, 11-cv-3659, Doc. No. 635 ¶¶ 173–76.

A claim in the subsequent litigation is treated as the same claim previously litigated for purposes of claim preclusion when it "arises out of the same nucleus of operative facts as the prior claim." *Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs.*, 533 F.3d 634, 641 (8th Cir. 2008) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). And even when the claims are not the same, "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashion Gr., Inc.*, 140 S. Ct. 1589, 1594 (2020). Judge Schultz found that the Plaintiffs' claims in these complaints are based on the same factual predicates such that application of claim preclusion is appropriate, and to the extent the claims are slightly different, they would nevertheless be precluded because the claims could have been raised before. *See Jamison v. Ludeman*, No. 11-cv-2136 (PAM/DTS), 2023 WL 2088302, at *2 (D. Minn. Feb. 17, 2023) (dismissing MSOP detainee's claims based on doctrine of claim preclusion despite the claims being arguably different than those raised in *Karsjens* because they could have been raised during the class action). Having reviewed the record *de novo* on these matters, the Court finds no basis to conclude otherwise, and therefore, these claims are subject to dismissal.

## II. Causes of Action 7, 9, and 15

Because Plaintiffs' objections to the November 9th R&R's handling of the remaining claims in COA 7, 9, and 15 are non-specific, do not address the reasoning of the

R&R, or both, they are all subject to clear error review and the Court discusses them together.

### *Cause of Action 7*

Judge Schultz recommended that Plaintiffs' surviving claims in COA 7—that MSOP has imposed punitive confinement policies—be dismissed pursuant to claim preclusion. Judge Schultz painstakingly compared the allegations from the Third Amended Complaint in *Karsjens* to the complaints in these cases and identified the allegations of punitive practices that were addressed in *Karsjens*. [November 9th R&R at 8–9.] He then concluded that these claims were barred because (1) factual differences between the claims asserted in *Karsjens* and those advanced these complaints did not avoid claim preclusion; (2) Plaintiffs claims here could have been raised in *Karsjens*; and (3) Plaintiffs do not argue that they were prevented in any way from raising their claims in *Karsjens*. [*Id.* at 9.]

### *Cause of Action 9*

The complaints in these cases include allegations challenging the procedural safeguards that are unavailable in MSOP's disciplinary hearings. *Bishop* (Dkt. 1 (Compl. ¶¶ 80–82)). For example, Plaintiffs alleged that they were provided vague and conclusory written explanations for disciplinary decisions, they had no right to counsel or a staff assistant to prepare for their hearings, they had no access to investigators, and they did not receive incident reports until after hearings. *Bishop* (Dkt. 1 (Compl. ¶ 80)). In the November 9th R&R, Judge Schultz identified these allegations in Plaintiffs' complaints and noted their similarities to the allegations in the Third Amended Complaint in *Karsjens*, which alleged that MSOP detainees were unable "to present evidence, cross examine

witnesses, or face their accusers [and] are not given copies of the incident reports or other evidence that is being used against them to impose disciplinary restrictions." *Karsjens*, 11-cv-3659, Doc. No. 635 ¶ 131. Judge Schultz concluded that the Plaintiffs' procedural due process claims in COA 9 in these cases failed for two reasons. First, he concluded that they "fall alongside the punishment claims in COA 7, because a determination that certain policies and practice are not punishment necessarily involves a determination that those policies and practices do not violate procedural due process." [November 9th R&R at 10 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) for the proposition that conditions or restrictions violate due process when "those conditions amount to punishment of the detainee").] Second, Judge Schultz found that claim preclusion bars these claims because they arise from the same nucleus of operative facts as the claims asserted in *Karsjens*, or they could have been asserted in that litigation. [*Id.*]

### *Cause of Action 15*

Judge Schultz found that the Fourteenth Amendment claim in COA 15 of the complaints, which is premised on the totality of conditions of the Plaintiffs' confinement, was akin to the "wide-ranging attack on the legality of nearly every operational feature of MSOP" that was challenged in *Karsjens*. [November 9th R&R at 10–11 (quoting *Pittman v. Swanson*, No. 11-cv-3658 (PJS/TNL), 2023 WL 7017769, at *4 (D. Minn. Oct. 25, 2023)).] He then reasoned that "[h]aving already concluded that the conditions Plaintiffs challenge arise from the same nucleus of operative facts as *Karsjens*, it follows that the totality of those conditions also involves the same factual predicate" and the claims in COA 15 were barred even though they presented a new legal theory. [*Id.* at 11.]

9

*Clear Error Review*

As noted, Plaintiffs object to the recommendation that each of these remaining claims be dismissed. However, they make no specific objections to Judge Schultz's recommendations concerning the application of claim preclusion to the remaining claims in COA 7. Plaintiffs similarly offer no specific argument concerning Judge Schultz's conclusion that their remaining procedural due process claims in COA 9 are barred by claim preclusion. And their argument concerning the recommendation that COA 15 be dismissed ignores Judge Schultz's claim preclusion analysis. As a result, the Court finds that all of these objections are subject to clear error review. Having reviewed the November 9th R&R for clear error with respect to these issues, the Court finds none and accepts the recommendations that the remaining claims in COA 7, 9, and 15 be dismissed.

### III.   Facial v. As-Applied Challenge

Finally, in the November 9th R&R, Judge Schultz addressed the Plaintiffs' argument that their claims avoid claim preclusion because the Plaintiffs are asserting as-applied challenges to MSOP's policies as opposed to the facial challenges that were raised in *Karsjens*. [November 9th R&R at 11.] Judge Schultz rejected this argument because *Karsjens* did, in fact, involve as-applied challenges to the constitutionality of the statutory scheme under which Plaintiffs are civilly committed. [*Id.* (citing *Karsjens*, 11-cv-3659, Doc. No. 635 ¶ 60).] In addition, he found that Plaintiffs failed to sufficiently plead any as-applied challenge in these complaints because they failed to assert that any MSOP policies and practices uniquely affected them; rather, the complaints asserted that the Plaintiffs are affected by the same MSOP policies and practices applicable to all MSOP detainees. [*Id.*

at 11–12.] Plaintiffs' objections to this aspect of the R&R fail to identify any error in Judge Schultz's handling of this argument from their response to the motions to dismiss, and having reviewed the record *de novo*, the Court finds no basis to disagree with Judge Schultz's conclusion.

## IV. Order

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The R&Rs in these cases [*Bishop v. Swanson*, No. 12-cv-135 (Dkt. 36); *Goodwin v. Swanson*, No. 12-cv-180 (Dkt. 45); *McRae v. Swanson*, No. 12-cv-221 (Dkt. 45) *Mosby v. Swanson*, No. 12-cv-320 (Dkt. 39)] are **ACCEPTED**.

2. The Objections [*Goodwin*, 12-cv-180 (Dkt. 46)] are **OVERRULED**.

3. The motions to dismiss [*Bishop*, 12-cv-135 (Dkt. 29); *Goodwin*, 12-cv-180 (Dkt. 34); *McRae*, 12-cv-221 (Dkt. 29); *Mosby*, 12-cv-320 (Dkt. 32)] are **GRANTED**.

4. The following matters are **DISMISSED**

    a. *Bishop v. Swanson*, No. 12-cv-135;

    b. *Goodwin v. Swanson*, No. 12-cv-180;

    c. *McRae v. Swanson*, No. 12-cv-221;

    d. *Mosby v. Swanson*, No. 12-cv-320.

**Let Judgment be entered accordingly.**

Date: January 29, 2024         *s/ Katherine M. Menendez*
                              Katherine M. Menendez
                              United States District Judge